MORRIS WOLOSHIN, PLAINTIFF-RESPONDENT, v. "THE
CENTURY INDEMNITY COMPANY" (A FOREIGN COR-
PORATION), DEFENDANT-APPELLANT.

Argued October 1, 1935—Decided July 9, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the defendant-appellant, *Skeffington & Walker*
(*Thomas G. Walker*, of counsel).

For the plaintiff-appellee, *Charles A. Amada* (*Samuel H.
Nelson*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by the defendant below
from a judgment rendered for the plaintiff by the judge of
the District Court sitting without a jury.

The defendant insurance company (hereinafter called the
defendant) on July 27th, 1933, issued its policy covering one
Peller, as named assured, for liability arising from the opera-
tion of the automobile therein identified, in consideration of
a premium therein named, and paid. On September 14th,
1933, by endorsement on the policy such automobile coverage

was changed to a Chevrolet sedan, likewise identified. On February 18th, 1934, and before the expiration of the policy, the latter automobile was involved in an accident as a result of which the plaintiff below sustained personal injuries, and he brought suit against the named assured and recovered a judgment. Execution issued and remained unsatisfied. Thereafter this suit was brought against the defendant and resulted in a judgment for the plaintiff.

The defendant on this appeal contends that its policy was void *ab initio* upon the ground that the warranty contained therein was that Peller, the named assured, had "complete ownership" of the car, whilst in fact he held title under a conditional bill of sale.

But that contention is ill-founded in law. The defendant relies upon the case of *Hudson Casualty Insurance Co.* v. *Garfinkel,* 111 *N. J. Eq.* 70. That case does not seem to be in point. That was a direct proceeding to cancel a policy. This case turns upon the effect of the statute herein considered. The policy now in question expressly provided that any coverage provided therein for liability for bodily injury or property damage "is hereby amended to conform with the provisions of the Motor Vehicle Financial Responsibility law of the state" in which the automobile is operated at the time of the accident. Under the policy, therefore, the defendant is liable thereon if made so by the terms of the Financial Responsibility law. *Pamph. L. 1929, p. 195,* as amended by *Pamph. L.* 1931, *p.* 334.

Now at the trial it was proved without dispute that in 1931, prior to the issuance of the policy in question, the named assured, while operating an automobile as driver, had an accident resulting in personal injuries or property damages to another of at least $100. When, therefore, the policy in question was issued to the assured in 1933, he was already in that category of persons of whom evidence of financial responsibility was required, and hence the defendant insurer subjected itself to liability under the Financial Responsibility act, and was governed by the provisions thereof so far as its liability on this risk was concerned. The statute provides

that the insurance carrier cannot cancel or annul such policy after an accident has occurred and a cause of action therefor has accrued against the assured, regardless of any breaches or violations by the assured of the contractual provisions of the policy (and in point of fact the defendant at no time attempted to cancel the policy). Furthermore, the statute clearly indicates that if the insurer is obliged to pay a loss under such policy where there has been a breach of any of the contractual provisions of the policy by the insured, that the insurer can have recourse only against the assured for any loss that the carrier has sustained.

It seems to be a fact that this policy of insurance was not issued at the request of the motor vehicle commissioner. This was not relied upon by the defendant at the argument, and we believe that the fact is immaterial. The rule is that one concerned in a motor vehicle accident, resulting in injury to another person, may have arranged in advance with an insurance company for a policy conforming to *Pamph. L.* 1929, *p.* 195, as amended, *Pamph. L.* 1931, *p.* 334; and in such case, as here, the insurer cannot escape the responsibility it has undertaken, even though the commissioner of motor vehicles has not required proof of financial responsibility. *Steliga* v. *Metropolitan Casualty Company of New York,* 113 *N. J. L.* 101; affirmed, 114 *Id.* 156; *United States Casualty Co.* v. *Timmerman,* 118 *N. J. Eq.* 563.

It also seems clear that the beneficiaries of the statute and of the policy provisions required thereby, are the public— those who may be injured in a motor vehicle accident; and the policy remains valid as to third persons injured in such an accident, despite assured's breach of a warranty or condition precedent. *United States Casualty Co.* v. *Timmerman,* 118 *N. J. Eq.* 563. That the policy is not to be regarded as void *ab initio* is plainly indicated by the case last cited wherein it was pointed out that a "policy void *ad initio* because of a warranty or condition precedent affords no protection to the public."

We believe that the foregoing observations dispose of every question argued.

The judgment below will be affirmed, with costs.