49 N.J. Super. 6 (1958)
138 A.2d 757
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, A CORPORATION OF THE COMMONWEALTH OF PENNSYLVANIA, PLAINTIFF-RESPONDENT,
v.
PATRICK CIOFFI MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS, AND JAMES BREITHAUPT AND WILLIAM MILLER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 3, 1958.
Decided February 11, 1958.
*7 Before Judges CLAPP, JAYNE and SCHETTINO.
Mr. Milton A. Dauber argued the cause for plaintiff-respondent (Messrs. Carpenter, Bennett, Beggans & Morrissey, attorneys; Mr. James P. Beggans, of counsel).
Mr. Stephen Mongiello argued the cause for defendants-appellants.
PER CURIAM.
The plaintiff insurance company obtained a declaratory judgment, apparently in the New Jersey Superior Court, Law Division, relative to an auto liability insurance policy issued by it to defendant Patrick Cioffi. The judgment declared the insurance company was not liable to him in two actions that had been previously instituted against him. One of these actions had been brought by James Breithaupt and William Miller in the Hudson County Court, and the second had been brought by the Mayor and Council of the City of Hoboken in the Hudson County District Court. The insurance company joined Breithaupt, Miller and the mayor and council as defendants *8 in the declaratory judgment action, and Breithaupt and Miller appeal from the judgment entered therein.
In 1953, pursuant to the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 to 104, Cioffi had been required to furnish a motor vehicle liability policy as proof of his financial responsibility. As permitted by N.J.S.A. 39:6-46(b), he furnished a policy containing this clause in an endorsement on the policy:
"2. The insurance does not apply:
(a) to any automobile owned by the named insured * * *."
The policy provided further:
"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy * * *."
The policy was renewed in 1954 and 1955, and the last renewal was in effect on December 17, 1955, at the time of the accident involved in the above-mentioned actions in the Hudson County Court and the Hudson County District Court. However, Cioffi, after (so we are told) securing the last renewal, acquired an automobile, and the accident referred to occurred while he was operating this auto of his.
Breithaupt and Miller argue that the above-quoted clause, which made the policy inapplicable to Cioffi's car, defeats the very purpose of the Motor Vehicle Security-Responsibility Law, for the purpose of the law is, so they say, to protect the public against any automobile operated by Cioffi. However, as above indicated, the statute itself expressly authorizes the issuance of what has been called in this case a "non-owner's policy." N.J.S.A. 39:6-46(b). In view of this express statutory authorization, we cannot accede to appellants' contention that while the "non-owner's *9 clause" in the policy may be binding inter partes, still the statute renders it invalid so far as the public is concerned.
There is nothing in Century Indemnity Co. v. Simon, 77 F. Supp. 221 (D.C.N.J. 1948), Woloshin v. "The Century Indemnity Co.", 116 N.J.L. 577 (Sup. Ct. 1936), Saffore v. Atlantic Casualty Ins. Co., 21 N.J. 300 (1956), or United States Casualty Co. v. Timmerman, 118 N.J. Eq. 563 (Ch. 1935), to the contrary.
Appellants argue, in passing, that the insurer's participation in the action brought by them against Cioffi works an estoppel which prevents insurer from denying liability under the policy at this time. So far as we have observed, the point was not raised below. Indeed it was not raised by appellants on the oral argument. Moreover the insurer in its brief before us asserts that while, relying on a non-waiver agreement with Cioffi, it did take certain defensive measures in the action of the City of Hoboken, it took no such measures in the suit brought by Breithaupt and Miller. This assertion is in no way denied. We do not think the point warrants further consideration. As to the effect of the non-waiver agreement, see Suydam v. Public Indemnity Co., 10 N.J. Misc. 868, 872 (Sup. Ct. 1932), cited in Cook v. Preferred Accident Ins. Co. of New York, 114 N.J.L. 141, 145 (E. & A. 1935); McCann v. Iowa Mut. Liability Ins. Co. of Cedar Rapids, 231 Iowa 509, 1 N.W.2d 682, 689 (Sup. Ct. 1942); Goldstein v. Bernstein, 315 Mass. 329, 52 N.E.2d 559, 562 (Sup. Jud. Ct. 1943); Laroche v. Farm Bureau Mut. Automobile Ins. Co., 335 Pa. 478, 7 A.2d 361, 363 (Sup. Ct. 1939).
Affirmed.