BERKIE L. FAULKINER

*v.*

EQUITABLE LIFE INSURANCE COMPANY

(No. 10998)

Submitted January 20, 1959.    Decided March 10, 1959.

*Chauncey D. Hinerman, Paul Poulicos,* for plaintiff in error.

*Steptoe & Johnson, Oscar J. Andre,* for defendant in error.

BERRY, JUDGE:

This is an action at law on a policy of life insurance. The policy was written on the life of Ray Asbury, Jr. for the amount of $3000. by the Equitable Life Insurance Company of Washington, D. C., defendant below and defendant in error, hereinafter referred to as defendant. The beneficiary named in the policy was Berkie L. Faulkiner, Asbury's mother, plaintiff below and plaintiff in error, who will be hereinafter referred to as plaintiff.

The case was tried by a jury in the Circuit Court of Marshall County and a verdict was returned for the plaintiff in the amount of $3000. At the conclusion of the evidence a motion was made for a directed verdict by both the plaintiff and defendant, and both motions were denied. The defendant made a motion to set aside the verdict of the jury and award to it a new trial, which was sustained by the trial court. This writ of error is from the judgment of the trial court setting aside the verdict and granting a new trial to the defendant.

The insured, Ray Asbury, Jr., went to the office of Dr. Francis Gaydosh of Wheeling, West Virginia on December 17, 1955 and requested a physical examination. The reason given to the doctor for the request for the examination was that he was applying for a government position which required a physical examination and he desired to ascertain in advance whether or not he could pass such examination. Dr. Gaydosh's physical examina-

tion revealed that Asbury was overweight, had a rapid heart and high blood pressure. This information was conveyed to Asbury by the doctor who prescribed a medicine for his use to lower his blood pressure. He also prescribed a diet to reduce his weight and told him to return later for another examination.

On December 23, 1955 Asbury returned for a second examination and his pulse rate was reduced, his blood pressure had receded and he had lost five and one-half pounds.

On April 16, 1956 a formal application for the insurance policy in question was executed by Asbury. At the time the application was signed he had gained seven pounds. In answer to a question in the application, he stated that he had never had high blood pressure and had not gained or lost weight during the last year. The application also contained a negative answer to the effect that he had not been examined or treated by a physician for the past five years. There is some question as to whether the defendant's agent placed the proper answer in the application relative to this question because of the information furnished by Asbury to the agent. See *Mutual Benefit Health & Accident Ass'n.* v. *Ratcliffe*, 163 (Va.) 325, 175 S. E. 870; *Gilley* v. *Union Life Ins. Co.*, 194 (Va.) 966, 76 S. E. 2d 165. However, the application with the incorrect answers to these questions was signed by Asbury and made a part of the policy. See *Saltesz* v. *Woodmen*, 110 W. Va. 513, 159 S. E. 513. The trial court did not consider the answer to the question as to his being examined by a physician during the past five years in setting aside the verdict of the jury.

The policy was issued on April 24, 1956 and Ray Asbury, Jr. died of a heart attack on July 31, 1956.

The defendant insurance company refused to pay the amount of the policy and tendered the premiums paid, which were refused.

The answers to the questions contained in the application which were made a part of the policy by an agree-

ment in writing signed by Asbury were false. The questions were material and had they been answered correctly the insurance company would have required a physical examination of the insured. It has been repeatedly held that such matter is material. *Myers* v. *Life Insurance Co.*, 83 W. Va. 390, 98 S. E. 424. It has also been held that where the answers are material and are false, the policy is forfeited. *Saltesz* v. *Woodmen, supra.* This is clearly indicated in the syllabus of the case of *Leadman* v. *Insurance Co.*, 112 W. Va. 53, 163 S. E. 716, wherein it is stated: "The fact that a specific answer is sought by the insurer in an application for an insurance policy, makes that answer material. When such an answer is untrue the policy will ordinarily be forfeited." This principle has been frequently approved by this Court. See *Woody* v. *Insurance Co.*, 105 W. Va. 215, 141 S. E. 880; *Harris* v. *Insurance Co.*, 86 W. Va. 638, 104 S. E. 121; *Kent* v. *Insurance Co.*, 120 W. Va. 58, 195 S. E. 670.

From the decisions of this Court which have been consistently followed and adhered to relative to this question, it is clearly evident from the settled law of this state that untrue answers which are material, given in an application for insurance, will avoid the policy, and for this reason the judgment of the Circuit Court of Marshall County, setting aside the verdict of the jury and granting the defendant a new trial, is affirmed.

*Affirmed.*