**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a mutual insurance company organized and existing under the laws of the state of Illinois, Plaintiff,**

v.

**Hershel RIFFE and Bernice Riffe, Defendants.**

**Civ. A. No. 1229.**

United States District Court,
S. D. West Virginia,
Bluefield Division.

April 19, 1971.

G. Berk Lynch, Lynch, Mann & Knapp, Beckley, W. Va., for plaintiff.

James C. Lyons, Pineville, W. Va., for defendants.

CHRISTIE, District Judge:

This action is brought under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, and pursuant to Rule 57 of the Federal Rules of Civil Procedure. Diversity of parties and requisite amount in controversy are properly alleged to give federal jurisdiction. The substantive law of West Virginia is to be applied under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), seeks by this action to have a certain automobile insurance policy it issued to defendants, Hershel Riffe and Bernice Riffe, declared void and unenforceable from its inception and that it be exonerated of liability under said policy to any persons or entities. The Court held a hearing in the matter on February 26, 1971, and now makes its Findings of Fact and Conclusions of Law upon the basis of the pleadings and the evidence adduced.

## FINDINGS OF FACT

1. Plaintiff, State Farm Mutual Automobile Insurance Company, is a mutual insurance company organized and existing under the laws of the State of Illinois. Its legal residence and principal office is in Bloomington, Illinois.

2. Defendants, Hershel Riffe and Bernice Riffe, are husband and wife, and their legal residence is in North Springs, Wyoming County, West Virginia.

3. On January 2, 1965, Hershel Riffe applied to State Farm for a liability insurance policy covering a 1965 Ford Galaxie. He did this at the offices of agent Hubert Foster, in Welch, West Virginia. This was his initial application for insurance with the plaintiff company. The application for insurance was filled in by the agent and signed by Hershel Riffe. In answer to the application question No. 3, "Explain In Remarks Physical Defects For Each Driver—Check If None," Hershel Riffe answered "None" and the agent checked the appropriate column. Pursuant to defendant's application, the plaintiff issued the requested insurance policy.

4. On June 21, 1965, Hershel Riffe applied to the same agent for a liability policy covering a 1957 Chevrolet 2-door sedan. A separate application was completed and signed by Hershel Riffe and again, in the same manner, it is shown thereon that Hershel Riffe had no physical defects. Pursuant to defendant's application, the plaintiff issued the requested insurance policy.

5. On December 31, 1968, Hershel Riffe requested that the policy covering the 1957 Chevrolet be transferred to his 1966 ½ ton Ford truck, and he signed a transfer card authorizing the change of coverage. Accordingly, relying on Riffe's representations, the plaintiff issued and delivered to the defendants Liability Policy No. 1022 943 A02 48B, with limits of $20,000 for each person and $40,000 for each accident, covering a 1966 Ford ½ ton truck. The policy period was from December 31, 1968 to July 2, 1969. Upon payment of renewal premiums, the same remained in effect until January 2, 1970.

6. At the time Hershel Riffe made his separate applications for insurance and for transfer of the insurance to the Ford truck, he was afflicted with convulsive seizures, which condition is is encompassed within the general medical term "epilepsy." He had been so afflicted since 1959.

7. At the time that Hershel Riffe made his separate applications for insurance, he knew that he was afflicted with a condition generally known as epilepsy, and that he had been told by his treating physician that he should not drive an automobile or operate machinery. He failed to disclose this

information to the insurance company or any of its agents.

8. The information requested by the insurance company on its application forms and in respect to the applicant's physical condition was material to the risk.

9. In its instructions to agents and all company personnel on auto risk selection, various classifications of risks are denoted by the plaintiff as "unacceptable." One such class is described as follows:

"Epilepsy, spastic. A person suffering from epilepsy or who is spastic is not eligible."

10. On October 14, 1969, while driving the insured truck, Hershel Riffe suffered a loss of consciousness and as a result thereof was involved in an accident.

11. In the investigation of the accident which occurred on October 14, 1969, the plaintiff company, through its investigative personnel, learned for the first time that Hershel Riffe was afflicted with "convulsive seizures" or "epilepsy."

12. If the answer to question No. 3 on the separate applications had been in the affirmative and if the true physical condition of the applicant had been revealed, the plaintiff company would have declined to issue insurance coverage.

## CONCLUSIONS OF LAW

1. It is well settled in West Virginia that a misrepresentation of any fact which is material to the risk made by an applicant for insurance will vitiate any policy issued pursuant thereto. Christian v. State Farm Mut. Auto. Ins. Co., (1959) 144 W.Va. 746, 110 S.E.2d 845; Faulkiner v. Equitable Life Ins. Co., (1959) 144 W.Va. 193, 107 S.E.2d 360. The substance of this well-established principle was not changed by the enactment of Chapter 33, Article 6, Section 7 of the West Virginia Code. Federal Mutual Insurance Company v. Deal, Admrx., etc., (1965) U.S.D.C., S.D. W.Va., 239 F.Supp. 618.

2. In giving a negative answer to question No. 3 on the separate applications completed by Hershel Riffe on January 2 1965, and on June 21, 1965, and in further failing to reveal his true physical condition when he made an application for the transfer of insurance on December 31, 1968, Riffe misrepresented the facts with respect to his physical ability to drive an automobile with safety. It is our conclusion that the misrepresentation was material to the risk and that the plaintiff would have declined the risk if the fact that Riffe was then afflicted with convulsive seizures had been revealed. The Virginia Supreme Court has reached an identical conclusion in a case involving the disease of epilepsy. Utica Mutual Insurance Company v. National Indemnity Company, 210 Va. 769, 173 S.E.2d 855 (1970).

3. On behalf of the defendants, it is argued that there was no misrepresentation in the separate applications for automobile liability insurance for the reason that the applicant was not directly asked whether or not he had epilepsy. We find, however, that there is no obligation on insurer to inquire about all possible afflictions, and the insurer's failure to make inquiry as to the truthfulness of insured's statements in respect to his physical defects does not constitute a waiver by the insurer or estop the insurer from rescinding the policy for insured's fraudulent misrepresentations. Government Employees Insurance Company v. Chavis, S.C., 176 S.E.2d 131 (1970).

4. Even within the restrictive theory urged by defense counsel, it is apparent that the whole tenor of Riffe's answer to the "physical condition" questions was patently false, in light of his known and long-existing convulsive seizures and in light of the fact that he had been advised by his physician prior to making such applications that he should not drive an automobile.

## JUDGMENT ORDER

For the reasons appearing by the foregoing Findings of Fact and Conclusions of Law, it is hereby

Adjudged and declared that State Farm Mutual Automobile Insurance Company Policy No. 1022 943 A02 48B, issued in the name of Hershel & Bernice Riffe, effective for the initial period from December 31, 1968 to July 2, 1969 and thereafter continued in effect by reason of the payments of renewal premiums until January 2, 1970, was and is void and unenforceable as of and from the time of the issuance thereof, and that the State Farm Mutual Automobile Insurance Company was and is not liable under said Policy No. 1022 943 A02 48B to either Hershel Riffe or Bernice Riffe or to any other persons or entities, for any claims, matters or things whatsoever, and particularly for any claims arising out of an automobile accident that occurred on or about October 14, 1969, in which was involved a 1966 Ford ½ ton truck, Serial No. F10AC817110, driven by Hershel Riffe.