NATIONWIDE MUTUAL INSURANCE COMPANY

*v.*

CURTIS LEE CONLEY, *et al.*

(No. 13101)

Submitted September 27, 1972. Decided December 21, 1972.

*George L. Partain, John C. Valentine,* for appellant.

*Barrett & Chafin, James F. Barrett,* for appellees.

CAPLAN, JUDGE:

In a declaratory judgment action instituted in the Circuit Court of Logan County by Nationwide Mutual Insurance Company, a corporation, said company sought to have the rights of the parties, in relation to an insurance policy issued by it, determined and adjudicated. Its ultimate objective was to have said policy declared void *ab initio.*

Upon the pleadings and after considering the evidence, the court, in compliance with the requirements of Rule 52, West Virginia Rules of Civil Procedure, made certain findings of fact and noted its conclusions of law. It held that the subject insurance policy was void *ab initio* in all respects as between Nationwide and Curtis Lee Conley, the purchaser of the policy, but further held that Nationwide was estopped to deny the validity of the policy as to the other defendants who alleged rights to

benefits thereunder. From this decision and the judgment entered pursuant thereto Nationwide prosecutes this appeal.

On December 28, 1966 defendant Conley purchased an automobile liability and collision insurance policy from Nationwide through its agent, Stanley H. Ferguson. From the record of this proceeding it appears that Conley, desiring to purchase an automobile, requested Lester Perry to assist him in borrowing the necessary money by co-signing his note. Mr. Perry agreed to do so on the condition that Conley would obtain a liability policy covering the operation of such vehicle. Pursuing this plan, Conley, together with his wife, Judith, and Mr. Perry, went to Ashland Finance Company to obtain the desired loan. Upon informing Jerry Hainer, the manager of Ashland, that it was necessary for him to obtain liability insurance in order to get Mr. Perry to co-sign his note, Mr. Hainer called Mr. Ferguson, an agent of Nationwide.

When Mr. Ferguson arrived at Ashland, he, with Mr. and Mrs. Conley and Mr. Perry, retired to a small booth where he began to fill out the insurance application for Mr. Conley. Admittedly, the answers on the application form were written by Mr. Ferguson. There was much conflicting evidence as to the information on the application and the manner in which such information was obtained, all of which gave rise to this controversy.

Among other questions on the application, Conley was asked to list any criminal arrests, if other than traffic, for the owner or any driver. The answer thereto was "Not in last 5 years." It is alleged in the complaint that this answer was untrue, false and fraudulent and that Conley knew it was untrue. Nationwide also alleged that Mr. Ferguson believed such answer to be true. A further question on the application asked: "Have you or any drivers of your automobile had an accident or been charged with a traffic violation in last 5 years?" In answer thereto an X was marked in the box designated

"No". Nationwide alleges this to be false; alleges that Conley knew it was false; and that Mr. Ferguson believed the reply to be true.

Upon completion of the application it was signed by Mr. Conley, who thereby purportedly declared the statements therein to be true. Mr. Ferguson testified that he afforded Conley an opportunity to read the completed application and that he believed that he did read it. Mr. Conley and Mr. Perry, appearing on behalf of Mr. Conley, testified that Mr. Ferguson merely told Conley to sign the application; that he did not permit him to read it; and that Conley did not read it. On the same afternoon of the day on which this application was completed, December 28, 1966, Mr. and Mrs. Conley obtained the policy from Mr. Ferguson's office. The application was sent to Nationwide by the agent and, as was its practice, an investigation of Mr. Conley was begun.

On January 13, 1967, Conley was involved in an automobile accident with two other vehicles wherein all of said vehicles were damaged and the occupants, including Conley, were injured. These injured persons are the other defendants referred to above.

In its complaint Nationwide alleges that, by reason of the false and fraudulent statements and representations on the application, the subject insurance policy is void and that it is not liable under the provisions thereof, either to Conley or to the other defendants for any claims they may assert against Conley. For these and other reasons stated in its complaint, Nationwide sought to have the subject insurance policy judicially determined to be void.

It is the position of the defendants that Nationwide did not sustain the burden of proof necessary to show that Conley gave false answers to questions on the application or that if misrepresentations were made that Nationwide believed or relied thereon. They further assert that Nationwide was negligent in issuing the policy to Conley and were therefore estopped to deny its validity. The

court, agreeing in part with Nationwide, held that Conley's representations on the application were false, that they were material, that they were relied on and that the policy was therefore void as to Conley. However, the court further held that Nationwide was estopped to deny the validity of the policy as to the other defendants, the basis for its holding being that Nationwide, upon being informed of Conley's drinking habits, was negligent in issuing such insurance policy.

Was the trial court's ruling that the policy was void as to Conley, the insured, supported by the evidence? Much of the evidence was conflicting. Mr. Ferguson testified that he wrote the answers on the application for insurance as related to him by Mr. Conley. This was disputed by Conley, his wife and Mr. Perry. Mr. Conley stated that he could not read or write, but an exhibit reflecting his grades in the seventh grade would tend to show that his statement was false. Mr. Perry said that the insurance was not to be effective until after an investigative report was received; yet, he acknowledged that when they left Ashland Finance he believed that Conley was fully insured. It is not deemed necessary to detail the testimony — suffice to say that an examination thereof shows much conflict.

When a case is decided on conflicting evidence this Court will rarely disturb the decision. Succinctly stating this proposition, Point 6 of the Syllabus of *Daugherty v. Ellis*, 142 W.Va. 340, 97 S.E.2d 33 says: "The finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." *United Fuel Gas Company v. Battle*, 153 W.Va. 222, 167 S.E.2d 890; *Intercity Realty Company v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452; *State Road Commission v. Oakes*, 150 W.Va. 709, 149 S.E.2d 293; *Lewis v. Dils Motor Company*, 148 W.Va. 515, 135 S.E.2d 597; *Green v. Henderson*, 136 W.Va. 329, 67 S.E.2d 554.

The court in the instant case heard the evidence in lieu of a jury. It was in a position to view the witnesses while testifying, to observe their demeanor and to thereby judge the credibility of such testimony. Certainly there is sufficient evidence to support the court's findings. Furthermore, an examination of the record in no manner reveals that the evidence preponderates against such findings. We are therefore of the opinion to and do affirm the findings of the trial court wherein it held the policy to be void *ab initio* as between Nationwide and Conley and of no force or effect.

Nationwide assigned as error the action of the court in holding that it, through its agent, Ferguson, was negligent in issuing an automobile liability policy to Conley and that it was therefore estopped to deny the validity of such policy as to the defendants who were injured in the aforesaid accident. This assignment of error, in the circumstances of this case, is meritorious. The basis of the court's ruling was that Ferguson, being forewarned when informed that Conley had been convicted of driving while intoxicated, should not have issued a policy; and that he thereby, referring to Conley, "set [him] loose upon society."

In the foregoing, the court was inconsistent. It had already ruled that Conley was guilty of answering questions on the application falsely. Conley had falsely stated, according to the court's findings, that he had not been arrested for any offense within the past five years, when, in fact, he had been convicted of drunken driving four years prior to the date of the application. Mr. Ferguson testified, and his testimony was supported by James Frye, an underwriting expert for Nationwide, that, although Nationwide frowned on the practice of issuing a policy to anyone who had been convicted of the above offense, if such conviction had occurred more than five years prior to the application, a policy would be issued. Mr. Ferguson had been told by Conley that such conviction took place seven years ago. We believe that the court erred in charging Ferguson with negligence in the

circumstances revealed by the record. Therefore, there being no negligence on the part of the agent, there is no ground for the application of the doctrine of estoppel.

The subject policy having been issued voluntarily and not under the compulsion of an assigned risk, or financial responsibility law, and the policy having been declared void *ab initio,* because of false representations, the insurer could not be held liable thereunder. See *Safeco Insurance Company of America v. Gonacha,* 142 Colo. 170, 350 P.2d 189. In that case the court held that the policy was void as to the persons injured by the purchaser of the policy. See also *Woloshin v. Century Indemnity Co.,* 116 N.J. L. 577, 186 A. 44 and 46 C.J.S., *Insurance,* Section 1191. Furthermore, this policy having been declared void *ab initio,* it is of no force or effect, and in the absence of a curative statute, it cannot have life breathed into it for any purpose. A contract, void *ab initio,* is without legal effect. Such contract never had any legal existence and cannot form the basis of liability in the instant case. See *National Union Indemnity Co. v. Bruce Bros., Inc.,* 44 Ariz. 454, 38 P.2d 648 and *Webber v. Spencer,* 148 Neb. 481, 27 N.W.2d 824.

For the reasons stated herein the judgment of the Circuit Court of Logan County is affirmed wherein the automobile insurance policy was held to be void *ab initio* as to the policyholder, but said judgment is reversed wherein it held that Nationwide was estopped to deny the validity of the policy as to the defendants injured in the automobile accident.

*Affirmed in part;*
*reversed in part.*

Judge Carrigan dissents.