**Charles KETRON, Appellant,**

v.

**LINCOLN INCOME LIFE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

April 25, 1975.

Rehearing Denied June 20, 1975.

Norbert J. Bischoff, Albert Berry Howe, Bischoff & Hehl, Newport, for appellant.

Rodney S. Bryson, L. Thomas Hiltz, Ware, Bryson, Nolan & West, Covington, for appellee.

GARDNER, Commissioner.

Appellee insurance company refused to pay the proceeds of a life policy to appellant, the beneficiary, because of false answers that were in the application for insurance. The applicant, wife of appellant, died of hepatic failure and acute hepatitis. In the preliminary negotiations for the insurance, applicant fully revealed to the insurance agent her physical condition, including that of her being a diabetic, but the agent failed to put in the application information regarding the diabetic condition. (Medical evidence disclosed that diabetes was not a contributing factor to the death of the insured, but as appellee correctly points out, the question was not whether insured died from diabetes, rather would knowledge of the condition cause insurer to refuse to issue the policy.)

The trial court, without a jury, found that "said agent completed the insurance application form for said applicant (insured), but inadvertently or otherwise reported that said applicant was not a diabetic," and that "said insured did not read such application completed by the agent as aforesaid, before signing it, although she was educated and literate." The trial court concluded that in view of Kentucky Central Life Insurance Company v. Combs, Ky., 432 S.W.2d 415 (1968), and Mills v. Reserve Life Insurance Company, Ky., 335 S.W.2d 955 (1960), applicant should be held responsible for the wrong answers appearing in the application, and denied recovery.

According to Appleman, Insurance Law and Practice, Vol. 16A, section 9101, page

353, "The general rule, adopted by the overwhelming weight of authority, *is to* the effect that any knowledge or information coming to an authorized representative of the insurer while acting within the proper scope of his authority is the knowledge of the company." See also Couch on Insurance 2d, section 35:165; and 26 A.L.R.3d 6, page 33. The view generally taken is that the agent, in making out the application, acts for the insurer, and the insurer is therefore estopped to assert the falsity of the answers or, as has been said in some cases, the falsity is deemed to be waived by the insurer.

Kentucky has been listed as not following the majority view. See Mills v. Reserve Life Insurance Company, Ky., 335 S.W.2d 955 (1960), wherein it was said that the applicant himself must be held responsible. In accord is Kentucky Central Life Insurance Company v. Combs, Ky., 432 S.W.2d 415 (1968). However, in a more recent case, Pennsylvania Life Insurance Co. v. McReynolds, Ky., 440 S.W.2d 275 (1969), it was said that no longer would the full responsibility be placed on the applicant to see that the application is correctly filled out, except where the applicant inserts the answer. We qualified the statement by saying that if the applicant *knows* that false answers are being placed in the application he will be responsible for them.

In the present case we interpret the finding of the trial court to be that applicant, who had fully revealed her condition to the agent, did not know the application contained false answers. We believe that Pennsylvania Life Insurance Co. v. McReynolds, supra, which expressly overruled Kentucky Central Life Insurance Company v. Combs, supra, is controlling and the insurance company, rather than the applicant, should bear the responsibility for the application's containing false statements.

The judgment is reversed and remanded for the entry of a judgment for appellant.

All concur.