STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,

v.

Sherry SPRAY, Defendant-Appellee.

No. 76–1338.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1976.

Decided Jan. 14, 1977.

---

Victor W. Ewen, Louisville, Ky., for plaintiff-appellant.

Richard L. Mattox, J. Spencer Harmon, New Albany, Ind., for defendant-appellee.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge, and SWYGERT, Circuit Judge.

HASTINGS, Senior Circuit Judge.

We consider the question of whether an automobile insurance company should be estopped to raise the defense of material misrepresentations made by an applicant for insurance.

On April 21, 1975, plaintiff State Automobile Mutual Insurance Company (State Auto) filed a diversity complaint in the district court,[1] for declaratory relief pursuant to 28 U.S.C. § 2201.[2] State Auto sought a declaration that a policy of automobile liability insurance it had issued to Marvin R. Phillips (Phillips) was void *ab initio* because of certain fraudulent and material misrepresentations made by Phillips on the application for said policy; and, further, that State Auto was under no duty or obligation to defend Phillips in any lawsuit arising out of an accident which occurred on February 2, 1974, in which defendant Sherry Spray was injured, or to assume any liability incurred by Phillips as a result of said accident.

The case was submitted to the trial court for judgment based upon a stipulation of the parties, certain exhibits and documents, briefs of the parties, and the depositions filed with the court.

The trial court found, *inter alia,*
"that in applying for said policy Phillips made certain misrepresentations concerning his past driving record and places of residence. Specifically [the court continued], Phillips' answers set out in said application were to the effect that he had not had his driver's license revoked, suspended, or restricted during the past three years; that he had not been convicted of a moving violation or involved

---

1. The United States District Court for the Southern District of Indiana, New Albany Division, the Honorable James E. Noland, Judge, presiding.

2. This section creates the remedy for a declaration of the rights of any interested party seeking such a declaration.

in an accident during the past three years; that he had resided at 2521 Ninth Avenue, North, St. Petersburg, Florida, from January 1972 until July 1973; and that at no time during the past three years had he been a resident of the State of Indiana. The record clearly discloses such representations were false, in that: Phillips had been convicted of a moving violation and driving while intoxicated during the past three years; he had been involved in traffic accidents within the past three years; his driver's license had been suspended during the preceding three years and, in fact, was under suspension at the time of filling out the application; and during the preceding year Phillips had been a resident of the State of Indiana. This Court believes the record herein clearly establishes that Phillips made various material misrepresentations to Mr. Hockensmith [State Auto's agent authorized to issue policies] and State Auto in applying for said policy."

The trial court stated, however, that State Auto had sufficient information prior to the accident to put it on notice of what an investigation would have revealed but failed to investigate, and that State Auto failed to act in a prudent manner between the time Phillips filled out his application and the time it subsequently commenced its action to cancel the policy.

Accordingly, the trial court concluded that State Auto was not entitled to the declaratory relief it sought and that the policy was in full force and effect and covered the accident of February 2, 1974. The trial court found for defendant Sherry Spray and entered judgment for her. This appeal followed.

## THE ACCIDENT

On February 2, 1974, Sherry Spray, an infant of six years, was injured when the car in which she was riding was struck by an automobile driven by Phillips in Clark County, Indiana. Sherry Spray was a resident of Indiana. At that time Phillips was a resident of the State of Kentucky. He had purchased his car and garaged it in Kentucky for use principally in Kentucky. Neither party to the insurance contract resided in or was domiciled in the State of Indiana.

## ISSUES

1. Whether the trial court erred in failing to apply Kentucky law.

2. Whether under Kentucky law the trial court erred in holding that State Auto was estopped from raising its defense of fraudulent misrepresentation.

3. Whether the trial court's disposition of the case was incorrect in light of the authorities it cited.

## BASIC FACTS

In addition to the facts found by the trial court, as hereinabove set out, the following matters appear to be relevant to the issues.

The information on Phillips' application regarding his Florida address was gained by State Auto's Agent Hockensmith from the applicant's Florida driver's license. This was transcribed by the agent onto the insurance application form together with the applicant's Florida automobile license number. Subsequently, State Auto caused an investigation to be made in Florida which revealed that no adverse entries appeared on Phillips' Florida driving record and that no one at the Florida address knew of Phillips' residing there at the time indicated on the application. Nothing on Phillips' application indicated that he had ever been a resident of Indiana.

Following the accident of February 2, 1974, State Auto filed an SR–21 Form with the Indiana Bureau of Motor Vehicles affirming insurance coverage for Phillips for such accident. State Auto, as of May 20, 1974, had a Retail Credit Report indicating the prior convictions of Phillips for driving violations and the suspension of his Indiana driver's license.

State Auto paid for the collision damage to the Phillips motor vehicle. On June 17, 1974, State Auto mailed a notice of cancel-

lation of its insurance policy to Phillips, stating that such termination would not be effective until July 17, 1974. Defendant does not claim that this was an election by State Auto to treat the policy as in effect until cancellation. Thereafter, on April 21, 1975, State Auto filed the instant declaratory judgment action.

### I

Defendant-appellee Spray contends that Indiana had the most intimate contact with the facts of this case and that Indiana law should govern. Defendant seeks to buttress this contention by pointing out that (1) Phillips was operating his car in Indiana at the time of the accident, (2) Phillips struck and injured a minor child who was an Indiana resident, (3) the State of Indiana has an interest in seeing that such an infant citizen is protected from and compensated for injuries received upon its public highways, as evidenced by the Indiana Safety-Responsibility Act, I.C. §§ 9–2–1–1, *et seq.* (1971), and (4) State Auto was required to and did file its Form SR–21 on behalf of Phillips. The case of *W. H. Barber Co. v. Hughes,* 223 Ind. 570, 586, 63 N.E.2d 417, 423 (1945), recognized the choice of law rule to be: "The court will consider all acts of the parties touching the transaction in relation to the several states involved and will apply as the law governing the transaction the law of that state with which the facts are in most intimate contact." *Accord, Watts v. Pioneer Corn Co.,* 7 Cir., 342 F.2d 617, 620 (1965); *Bowles v. Zimmer Manufacturing Co.,* 7 Cir., 277 F.2d 868, 873–874 (1960).

State Auto points out that, even if the law of the state with the most intimate contacts with the transaction ought to apply, as stated in *Barber, supra,* Kentucky law should be applied because Kentucky had the most intimate contacts with the contract of insurance. Further, that in *Watts, supra,* we held that the "place of wrong" doctrine no longer applied. 342 F.2d at 618–619. *See* Restatement (Second) on Conflict of Laws, § 193, comment b (1971).

We hold that under the facts of this case the state with the most intimate contacts with the insurance contract is Kentucky and that the law of the State of Kentucky should be applied. *See also* Restatement (Second), *supra,* at § 188(2). The trial court erred in failing to apply Kentucky law. The Indiana court applied Indiana law.

### II

We next move to consider whether under Kentucky law the trial court erred in holding that State Auto was estopped from raising its defense of fraudulent misrepresentation.

In determining the applicable law, we begin with the relevant statute. K.R.S. § 304.14–110 (Representation in Application) provides:

"All statements and descriptions in any application for an insurance policy or annuity contract, by or on behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions and incorrect statements shall not prevent a recovery under the policy or contract unless either:

1. Fraudulent; or

2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

3. The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."

In *Kentucky Central Life Ins. Co. v. Combs,* Ky., 432 S.W.2d 415, 417 (1968), the court said:

"This statute has been construed to mean that a misrepresentation which is material or fraudulent bars a recovery. *Metropolitan Life Insurance Company v.*

*Tannenbaum,* Ky., 240 S.W.2d 566; *Reserve Life Insurance Company v. Thomas,* Ky., 310 S.W.2d 267; *Mills v. Reserve Life Insurance Company,* Ky., 335 S.W.2d 955.

"The rule gleaned from the statute, as so construed is that when the falsity of the misrepresentation is established and its materiality is not disputed, there can be no recovery. * * * " [3]

In *Pennsylvania Life Ins. Co. v. McReynolds,* Ky., 440 S.W.2d 275, 279 (1969), the court narrowed the holding in *Combs, supra,* by stating:

"In order to effect a better balance between the interests and responsibilities of the carrier and the applicant in the field of nonmedical health and accident insurance, we no longer will place the full responsibility on the applicant as stated in *Ky. Central Life Ins. Co. v. Combs,* supra, to see that the application is correctly filled out except where the applicant, or his agent, inserts the answers on the application form signed by or for him. Of course *if the applicant knows that false answers are being put down he will be responsible for them. * * * "* (Emphasis added.)

In *Osborne v. American Select Risk Insurance Co.,* 6 Cir., 414 F.2d 118, 122 (1969), the court held that the rule stated in *McReynolds, supra,* is applicable to automobile liability insurance applications.

In the instant case, as the trial court itself expressly found, the misrepresentations made by the applicant, Phillips, to State Auto were both fraudulent and material. The only exceptions found in Kentucky law that would make the policy not voidable because of the applicant's false and fraudulent misrepresentations of material facts have no application to the case at bar.

In *Lincoln Income Life Insurance Co. v. Burchfield,* Ky., 394 S.W.2d 468, 470 (1965), the exception is based upon the finding that the insurer "was fully cognizant of all of the facts." Here it cannot be said that State Auto was "fully cognizant" of the applicant's prior accident, drunken driving conviction, or suspended driver's license.

■ Likewise, in cases where the insureds have claimed that the insurers have waived policy conditions due to information in their possession, Kentucky law requires that the insurer must have had "clear notice" of the true facts in order to be held to have waived any policy conditions. *Springfield Fire & Marine Ins. Co. v. Gray,* Ky., 258 S.W.2d 715, 716 (1953); *Citizens' Ins. Co. of New Jersey v. Railey,* 256 Ky. 838, 77 S.W.2d 420, 422 (1934).

■ The question of whether State Auto had sufficient information to charge it with the "clear notice" or "full cognizance" required under Kentucky law to prevent the insurer's avoidance of the policy in question, must be made in light of the surrounding facts. Under the instant facts we are unable to find that State Auto may be held to this rigorous standard. Necessarily, we reach the conclusion that State Auto may not be estopped from asserting the applicant's false representations as a defense.

We, therefore, hold that, under Kentucky law, the trial court erred in holding that State Auto had either waived or was estopped from raising the defense of fraudulent misrepresentation.

### III

We have carefully examined the cases cited by the trial court and find that none of them deal with or consider Kentucky law. Rather, they consider the law in a variety of other state jurisdictions.

**3.** The statute considered by the court in *Combs* was K.R.S. § 304.656, which provided:

"All statements or descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, unless material or fraudulent, shall not prevent a recovery on the policy."

This statute was superseded in 1970 by K.R.S. § 304.14–110, *supra.* Nonetheless the rationale of *Combs, supra,* as qualified by *McReynolds, infra,* still applies. *See Ketron v. Lincoln Income Life Insurance Co.,* Ky., 523 S.W.2d 228, 229 (1975).

In view of our disposition of the prior issues in Parts I and II herein, which we find dispositive of this case, it is unnecessary to reach and consider further the cases cited by the trial court.

In sum, therefore, we hold that the judgment entered in favor of defendant Sherry Spray should be vacated and set aside. This case is remanded to the district court with directions to enter judgment declaring the subject insurance policy to be void *ab initio,* and that State Auto is under no duty or obligation thereunder relating to the accident in question.

Vacated and remanded with directions.