**PROGRESSIVE SPECIALTY
INSURANCE COMPANY,**
Plaintiff,

v.

**Thomas R. ROSING, Defendant.**

**Civ. A. No. C94–418–L(H).**

United States District Court,
W.D. Kentucky,
Louisville Division.

July 7, 1995.

Donald L. Miller, II, Robert L. Steinmetz, Brown, Todd & Heyburn, Louisville, KY, for plaintiff.

Michael J. O'Connell, J. Denis Ogburn, Courtney T. Baxter, Landrum & Shouse, Louisville, KY, for defendant.

**MEMORANDUM OPINION**

HEYBURN, District Judge.

This case is before the Court on Plaintiff's motion for summary judgment. Plaintiff is requesting a declaration that the insurance policy at issue null and void by the application of KRS 304.14–110. After careful consideration of the plain meaning and intent of that statute, the Court will sustain Plaintiff's motion for a declaratory judgment. However, the Court requests that both parties submit memoranda to clarify the issue of damages.

**I.**

In May of 1993, Defendant applied for a Kentucky automobile insurance policy with Plaintiff. One part of the application required disclosure of all accidents and convictions during the previous 35 months. In response, Defendant stated that he had been convicted of a D.U.I. offense on May 27, 1992. Defendant signed the application, thus certifying that all statements, representations and promises were true to the best of his knowledge.

While processing the application, Plaintiff discovered that Defendant had been convicted of another D.U.I. offense on January 8, 1992. This information appeared on the report Plaintiff obtained from the Motor Vehicle Bureau. Plaintiff's representative advised Defendant that his premium would be increased due to the second D.U.I. Defendant did not protest the premium increase.

Later, Defendant filed a claim for an accident which occurred in November, 1993. While investigating that claim, Plaintiff discovered yet another undisclosed D.U.I. con-

viction, which had occurred on October 10, 1991. This newly discovered D.U.I. conviction fell within the operative 35 month period prior to the insurance policy application date.

Defendant admits that he intentionally failed to disclose the January 1992 conviction, saying that he "wanted to ensure that the application would be approved ... [and] wanted to expedite the process." However, he claims that he had been advised by his attorney and the state court at the time of his January 1992 conviction that he was being convicted of his *first* offense for D.U.I. Defendant claims that he believed, in good faith, that the previous conviction of October 1991 "did not exist." Defendant further asserts that the Motor Vehicle Bureau's report failure to indicate his October 1991 conviction reinforced his belief that he had only been convicted twice for D.U.I.

## II.

In deciding a motion for summary judgment, the Court must find that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. Proc. 56(c). Both parties bear a burden of proof to meet this standard. The moving party must demonstrate that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The non-moving party must then proffer evidence "to support its claims and show the existence of a genuine, material issue in dispute." *National Solid Wastes Management Association v. Voinovich,* 959 F.2d 590, 592 (6th Cir.1992).

## III.

To support its motion for summary judgment, Plaintiff has focused on KRS 304.14–110 which allows an insurer to void a policy due to the insured's misrepresentations, omissions, or incorrect statements that are either (1) fraudulent or (2) material or (3) would have, if disclosed, led the insurer to decline to issue the policy or to issue the policy at a higher premium. Plaintiff asserts that Defendant's omission or misrepresentation falls within one or all of the three categories and thus should void the policy. Defendant argues that he represented the substantial truth and that a strict interpretation of the statute is contrary to public policy.

## A.

Plaintiff asserts that Defendant's failure to disclose both the October 1991 and the January 1992 convictions amounts to a fraudulent and material misrepresentation of the facts. There is no dispute that Defendant purposefully neglected to mention the January 1992 conviction in order to expedite the policy approval process. Defendant has admitted this misrepresentation. Defendant claims, however, that it was his honest belief that he had not committed a first offense until January of 1992.

■ To interpret KRS 304.14–110, the Court must turn for guidance to well-established common law definitions of fraud. Under Kentucky law, a plaintiff asserting fraud must establish by clear and convincing evidence that the defendant made (1) a material misrepresentation, (2) which was false, (3) known to be false or made recklessly, (4) made with the intent that it be acted upon, (5) acted in reliance thereon, and (6) causing injury. *Keeneland Ass'n v. Eamer,* 830 F.Supp. 974, 993 (E.D.Ky.1993); *Compressed Gas Corp. v. United States Steel Corp.,* 857 F.2d 346, 349–50 (6th Cir.1988).

The applicable law on fraudulent misrepresentation and the issue of materiality are interrelated in this context. Defendant argues that his representations were true in light of what his attorney and the court told him during his January 1992 court appearance. Defendant also claims that his representation is "substantially true," as required by case law interpreting the fraudulent prong of the predecessor statute. *John Hancock Mut. Life Ins. Co. v. De Witt,* 259 Ky. 220, 82 S.W.2d 317 (1935). Defendant, however, at the very least, recklessly made omissions as to the number of D.U.I. convictions. No one can doubt that he intended that Plaintiff would rely on that information and grant him coverage.

The Court finds that Defendant failed to tell even the substantial, if not literal, truth. The policy application called for disclosure of all *convictions,* not merely *offenses.* It is literally true that Defendant was convicted for D.U.I. in October of 1991; his representation that nothing occurred is not even substantially true. Even if Defendant had a good faith belief that his omission resulted from his understanding that his first offense occurred only in January of 1992, the Court believes that Defendant is aware of the fact that he pled guilty to and was convicted of a D.U.I. in October of 1991. Nevertheless, a reasonable trier of fact might conclude that this single omission was not fraudulent.

■ It is difficult to suggest seriously, however, that all of the misrepresentations were immaterial, the second consideration contained within KRS 304.14–110. Materiality is tested by whether the omission affected the acceptance of the risk or the hazard assumed by the insurer. The evidence is that Plaintiff may have accepted the risk and issued the policy at a higher rate had Defendant disclosed all three convictions. If Plaintiff had discovered all three convictions by its own methods during the initial processing period, it would not have issued the policy at all.

Defendant asserts that Plaintiff's admission that it would have issued the policy at a higher rate had all the information been known is proof that the omission was not material to the issuance of the policy. Defendant directs the Court's attention to *Mills v. Reserve Life Insurance Company,* in which the Kentucky Court of Appeals stated that "a false answer is material if the insurer . . . would not have accepted the application if the substantial truth had been stated therein." 335 S.W.2d 955 (Ky.1960). Defendant asserts that Plaintiff's willingness to underwrite the policy despite knowledge of all the information proves that the information was not material to its decision to issue a policy.

Defendant's argument, however, flies in the face of common sense as well as the testimony of record. Nothing could be more material to a driver's potential risk than evidence of a propensity to drink and drive.

Can anyone seriously dispute that each additional incident increases the likelihood that another similar one may occur in the future, thus materially impacting a policy risk? Plaintiff claims that it would not have issued the policy at all if it had discovered the three convictions on its own. Indeed, Plaintiff did discover two convictions on its own. Although Plaintiff possibly may have issued the policy anyway, the overwhelming weight of the evidence suggests the contrary. No reasonable jury could find these misstatements to be immaterial.

## B.

■ Even if the Court agreed that the misrepresentations were neither fraudulent nor material, Defendant cannot overcome the third category within KRS 304.14–110. This category holds that a policy may be voided if the insurer in good faith would either not have issued the policy or would not have issued it at the same premium rate if the true facts had been made known to the insurer as required by the application. In fact, evidence shows that Plaintiff would have charged a higher premium (if Defendant had disclosed all three convictions) or that Plaintiff would not have issued the policy at all (if Plaintiff had discovered the information by itself).

Courts interpreting Kentucky law have been willing to enter judgments in favor of insurance companies in light of evidence that either no policy would have been issued or that one would have been issued at a higher rate if the true facts had been known. *See Conner v. Shelter Mut. Ins. Co.,* 779 F.2d 335 (6th Cir.1985) (holding that a misrepresentation voids an insurance policy if the misrepresentation is "material" to the acceptance of risk or if the insurance company would not have issued the policy if the true facts were known); *State Farm Mut. Auto. Ins. Co. v. Crouch,* 706 S.W.2d 203, 205–207 (Ky.Ct.App. 1986) (holding that where a binder was issued based upon misrepresented facts, the policy is void *ab initio* and the insurance company was not estopped from raising the issue of fraud or material misrepresentation under this section). Neither of these cases

presents misrepresentations any less compelling or material than those found here.

### C.

Nevertheless, Defendant argues that the use of a subjective standard to interpret the third prong of the statute is harmful to the insured and puts him at a disadvantage because he cannot dispute a subjective interpretation. Defendant requests that the statute not be read in a "vacuum" but as a whole. He alleges that interpreting the statute narrowly in an either/or sense gives the insurance company too much protection. According to Defendant, the legislature could not have intended that an insured who completes an application in good faith be denied coverage because the insurer could make its own interpretation of what should have been noted on the application.

The Court appreciates Defendant's concern that a strict interpretation of the statute might work against public policy. To be sure, this statutory remedy is not a sword in the hand of insurance companies which they may wield at will. The discovery of any discrepancy, detail, or immaterial fact that an insured may have failed to disclose and which the insurer now claims would have raised their premium is not an occasion for voiding every insurance policy. Because the potential for abuse is ever present, courts must stand prepared to interpret fairly the statute and policies behind it. As judges, we do that job one case at a time.

There can be no doubt, however, that the legislature intended this statute to encourage honesty and forthrightedness on the part of potential insureds and to dissuade misrepresentations by allowing insurance companies the remedy of voiding their policies. *State Farm Mut. Auto. Ins. v. Crouch,* 706 S.W.2d at 207. In this case, there can be no doubt from an objective viewpoint that Defendant omitted precisely the kind of important information which Plaintiff requested in its application and which the legislature deemed should be disclosed.

Because Plaintiff would not have issued the policy at all or would have done so at a higher rate, and because the misrepresentation was material, Plaintiff is entitled to summary judgment.[1] Consequently, the Court finds that the policy is void in its inception and that Plaintiff shall not be responsible to third parties for claims against Defendant.

Plaintiff also requests damages in the amount of $7,737.88 (the payments it made less the premium paid by Defendant with respect to the November 1993 accident). The Court finds that neither party has sufficiently addressed this issue and requests that both parties submit briefs concerning whether such a retroactive accounting is appropriate.

---

**1.** Defendant raised the affirmative defenses of waiver and estoppel in his complaint but did not sufficiently address either in his reply to Plaintiff's motion for summary judgment. An examination of the facts and the applicable law suggests that Plaintiff did not waive its right to rescind the policy just because it made payments on the policy. Plaintiff did not know about the misrepresentations at the time it made payments for the November 1993 claim and thus could not have intentionally relinquished its right to rescind. Furthermore, KRS 304.14–80 holds that making advance or partial payments as an accommodation to or on behalf of any person is not a waiver of any provision of a policy.