107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STATE FARM GENERAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
James A. GOINS and Jill R. Goins, Defendants-Appellants.
 No. 96-5244.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Following destruction by fire of their mobile home, Defendants-Appellants James and Jill Goins ("Appellants") sought to recover insurance proceeds pursuant to a contract with Plaintiff-Appellee State Farm Insurance Company ("State Farm"). State Farm refused payment, citing a material misrepresentation in the appellants' insurance application. The application, signed by Mr. Goins, explicitly stated that the mobile home had not sustained any previous fire damage. The home, however, had been damaged less than a month before the appellants applied for coverage from State Farm. The district court granted summary judgment for State Farm, declaring that this misrepresentation voided State Farm's obligation to pay insurance proceeds according to the terms of the policy. For the following reasons, we AFFIRM that decision.
 
 
 2
 We review the district court's grant of summary judgment de novo. National Rifle Ass'n v. Handgun Control Federation, 15 F.3d 559, 561 (6th Cir.1994). With all possible inferences viewed in the light most favorable to appellants, the test is whether a "genuine issue of material fact" still exists. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986) (citing Fed.R.Civ.P. 56(e)).
 
 
 3
 Despite the plain language of the insurance application to the contrary, the appellants assert that Mr. Goins orally notified a State Farm employee over the telephone regarding the mobile home's previous fire damage. Relying upon traditional agency principles, appellants claim that this alleged oral notification of a State Farm employee imputed knowledge of the previous fire damage to State Farm itself, creating a genuine issue of material fact as to whether State Farm actually relied upon the contradictory written application in issuing coverage. State Farm, however, has maintained throughout that Mr. Goins's alleged oral disclosure was never made.
 
 
 4
 We need not resolve the factual issue of whether Mr. Goins actually notified a State Farm employee of the prior fire damage because Mr. Goins subsequently signed a written insurance application which explicitly stated that the mobile home had never been previously damaged by fire.[1] In light of this written application and the circumstances surrounding its signature, this case falls within the general rule of Paxton v. Lincoln Home Life Ins. Co., 433 S.W.2d 636 (Ky.Ct.App.1968). Paxton involved a beneficiary under a life insurance policy who sought payment of insurance proceeds following her husband's death despite material misrepresentations in the insurance application regarding the decedent's health. Id. at 636. Like Mr. Goins, the beneficiary in Paxton testified that she had orally notified the company's insurance agent of the correct state of the decedent's health when she applied for coverage. Id. at 637-38. The Paxton court nevertheless affirmed the grant of summary judgment for the insurance company, stating "that as between the applicant and the insurance company it is the applicant's responsibility to see that the application is correctly filled out." Id. at 638.
 
 
 5
 It is true that Lincoln Home Life Ins. Co. v. Burchfield, 394 S.W.2d 468 (Ky.Ct.App.1965), presents an exception to this general rule where the insurance company is fully cognizant of the true facts. In such a case, the insurance company may not rely on the inaccurate application to escape liability. However, the insurance company in Burchfield was fully aware of the decedent's health condition when it issued the life insurance policy at issue in that case. The insurance company had issued previous contracts to the insured covering various hospital visits for his heart condition. Id. at 469. In addition, the insurance company's own doctor had examined the insured twice, both prior to issuance of the life insurance policy. Id. Noting the insurance company's extensive knowledge of the decedent's health, the Paxton court emphasized that in Burchfield "the insurance company itself, as distinguished from the agent who took the application, had ample notice of the applicant's condition and was not in a position to contend that the policy had been issued in reliance on the application." Paxton, 433 S.W.2d at 638. Later cases confirm that this exception to the general rule applies only where the "insurer is fully aware" or "fully cognizant" of "all the facts." See, e.g., State Farm Auto. Mutual Ins. Co. v. Spray, 547 F.2d 397, 401 (7th Cir.1977); State Farm Mutual Auto. Ins. Co. v. Crouch, 706 S.W.2d 203, 206 (Ky.Ct.App.1986); Kentucky Cent. Life Ins. Co. v. Combs, 432 S.W.2d 415, 417 (Ky.Ct.App.1968).
 
 
 6
 In the instant case, the Burchfield exception does not apply: State Farm should not be held to have knowledge of appellants' previous fire damage to the mobile home. We reach this conclusion based upon the particular circumstances of this case. Mr. Goins argues State Farm was cognizant of all the facts as a result of his alleged telephone call, though he cannot recall with whom he talked, or even if the person was male or female. This ambiguity should have prompted Mr. Goins to take more responsibility when he later visited the office to sign the written application. Yet, he signed the application without reading it. Given this apparent informality and lack of care, Mr. Goins's duty to insure the application was correct under Paxton became more compelling, and his attempt to invoke the Burchfield exception fails. Because appellants failed to distinguish the circumstances of the instant case from the general rule announced in Paxton, Kentucky law mandates that State Farm prevail on this issue.
 
 
 7
 Appellants also assert a violation by State Farm of the Kentucky Unfair Claims Settlement Practices Act based upon State Farm's failure to pay the insurance proceeds. Kentucky law generally prohibits an insured from acting in bad faith in refusing to effectuate prompt settlement of a claim. Ky.Rev.Stat.Ann. § 304.230 (Banks-Baldwin 1995). In order to prevail under this statute, a claimant must prove three elements: (1) an obligation by the insurer to pay under the policy; (2) no reasonable basis in law or fact for the insurer to deny the claim; and (3) knowledge by the insurer that no reasonable basis in law or fact existed to deny the claim. Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky.1993). Appellants fail to meet the first prong of this test because of our conclusion that State Farm is not obligated to pay under the policy. Therefore, the district court correctly granted summary judgment for State Farm on this issue as well.
 
 
 8
 For the foregoing reasons, the decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 The signed insurance application contained an attestation clause which read as follows:
 I hereby apply for the insurance indicated and represent that I have read both sides of this application and the statements hereon are correct.